NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

KATHERINE FIGUEROA,

                Plaintiff,

v.

PRINCETON HEALTHCARE SYSTEM
HOLDINGS, INC.,

                Defendant.

Civ. No. 15-1738

**OPINION**

THOMPSON, U.S.D.J.

       This matter comes before the Court upon the motion for summary judgment of Defendant

Princeton Healthcare System Holdings, Inc. ("Defendant").  (ECF No. 22).  Plaintiff Katherine

Figueroa ("Plaintiff") opposes.  (ECF No. 28).  The Court has issued the opinion below based

upon the written submissions of the parties and without oral argument pursuant to Federal Rule

of Civil Procedure 78(b).  Because the Court finds that it lacks subject matter jurisdiction, the

case will be dismissed.

BACKGROUND

       This case involves the termination of Plaintiff's employment on an allegedly

discriminatory basis, namely Plaintiff's medical condition and her caretaking responsibilities for

her teenage son.  Defendant employed Plaintiff at the University Medical Center of Princeton at

Plainsboro from February 25, 2013 to July 21, 2014.  Plaintiff worked as a Patient Access

Specialist, serving as the point of entry for patients entering the hospital through the emergency

room.  On July 21, 2014, Defendant terminated Plaintiff's employment.  Defendant alleges that it

1

terminated Plaintiff's employment due to repeated absences from work without prior notice and

her failure to arrange for another employee to cover her shifts.  Plaintiff acknowledges that her

attendance record was "less than stellar," (Pl.'s Br. 4, ECF No. 28), but alleges that the

termination was discriminatory because Defendant tolerated this behavior until she attempted to

assert her rights to medical and family leave.

Plaintiff filed suit against Defendant in this Court on March 10, 2015, on the basis of

federal question jurisdiction.  (ECF No. 1).  She alleges violations of the Family and Medical

Leave Act, the Americans with Disabilities Act, the New Jersey Family Leave Act, and the New

Jersey Law Against Discrimination.  (*Id.*).  The parties completed discovery, and Defendant filed

its motion for summary judgment on April 8, 2016.  (ECF No. 22).  This motion is presently

before the Court.  However, in Plaintiff's opposition to Defendant's motion, Plaintiff stated that

she wished to withdraw three of her four claims against Defendant, including both of her federal

claims and one of her state law claims.  (Pl.'s Br. 3, ECF No. 28).  This leaves Plaintiff's claim

under the New Jersey Family Leave Act as the sole remaining claim.  Given this development,

and the fact that Plaintiff's case is premised on federal question jurisdiction, the Court must

review its jurisdiction over the case.

## DISCUSSION

A. Legal Standard

Federal courts are courts of limited jurisdiction, which "may only assert jurisdiction over

certain matters, such as where there is diversity of citizenship between the parties or where a

question is presented under federal law."  *Gray v. Peruto*, 481 F. App'x 716, 717 (3d Cir. 2012)

(citing 28 U.S.C. §§ 1331-34).  "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  If the case was initially

filed in state court and was removed to federal court, the Court may remand the case to state

court, rather than dismissing the case.  28 U.S.C. § 1447(c).  However, remand is not proper

where the complaint was initially filed in federal court.  *Levin v. Commerce Energy, Inc.*, 560

U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an

action initiated in federal court."); *Goss ex rel. Goss v. Alloway Twp. Sch.*, 790 F. Supp. 2d 221,

230 n.8 (D.N.J. 2011).

   B.  Analysis

       Plaintiff bases her claim for federal jurisdiction solely upon federal question jurisdiction

under 28 U.S.C. § 1331.[1]  However, in her opposition to Defendant's motion for summary

judgment, Plaintiff states that she is withdrawing all of her claims under federal law.  (Pl.'s Br. 3,

ECF No. 28).  Plaintiff intends to proceed solely with her claim under the New Jersey Family

Leave Act.  (*Id.*).  Because Plaintiff has withdrawn all of her federal claims, and the case is

premised on federal question jurisdiction, the Court no longer possesses original subject matter

jurisdiction over the matter.  *See* 28 U.S.C. § 1131; *Vurimindi v. Wyeth Pharm.*, 447 F. App'x

426, 427 (3d Cir. 2011).  Ordinarily, this would mean that the case should be dismissed.

       Plaintiff acknowledges that the withdrawal of federal claims creates a jurisdictional issue

for the Court, but requests that the Court either exercise supplemental jurisdiction over the

remaining state law claim, or remand the matter to state court.  (Pl.'s Br. 3-4).  Regarding

Plaintiff's request for remand, this request must be denied.  Remand is not permitted where a

complaint was initially filed in federal court, as it was in this case.  *Levin*, 560 U.S. at 428.

---

[1] Plaintiff does not allege that the Court has diversity jurisdiction over this case, nor does it
appear that she could assert this, given that both Plaintiff and Defendant appear to be citizens of
New Jersey.

Under 28 U.S.C. § 1367, the Court may choose to exercise supplemental jurisdiction over the state law claim, but only if considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). "Absent extraordinary circumstances, jurisdiction [over plaintiff's state law claims] should be declined where the federal claims are no longer viable." *Kalick v. United States*, 35 F. Supp. 3d 639, 649 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015), *cert. denied,* 136 S. Ct. 141 (2015) (citation omitted) (alteration in original); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 319-20 (D.N.J. 2015). Generally, if the underlying federal question claim is dismissed or withdrawn before trial, the federal court will decline to exercise supplemental jurisdiction. *See, e.g.*, *Lancaster*, 45 F.3d at 788; *Mattern*, 131 F. Supp. 3d at 320. This helps the Court avoid making needless decisions of state law "both as a matter of comity and to promote justice between the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

In her supplemental briefing, Plaintiff argues that this Court should dismiss the case, given the preference for allowing state courts to decide matters of state law. (Pl.'s Supplemental Br. 3, ECF No. 31). Plaintiff also notes that judicial economy would be served because the parties can merely refile their summary judgment papers in state court, and no pretrial proceedings have commenced. (*Id.* at 4). Plaintiff finally argues that state court would be a more convenient forum for Defendant given the proximity of that court to its principal place of business. (*Id.* at 5). Conversely, Defendant argues that the Court should retain jurisdiction, given the Court's deep understanding of the facts and claim at issue, the resources expended in the federal court thus far, and the lack of novel state law issues. (Def.'s Supplemental Br. 3-4,

ECF No. 33).  Defendant also disputes whether the state court would be a more convenient

forum.  (*Id.* at 5).

The Court agrees that the matter should be dismissed to allow Plaintiff to refile her claim

in state court.  The law is clear: as long as the federal claims are dismissed or withdrawn before

trial, the Court should generally decline to exercise supplemental jurisdiction.  Here, the federal

claims were withdrawn before trial.  Moreover, Defendant fails to demonstrate that extraordinary

circumstances are present that would justify deviating from the principle that state courts should

decide matters of state law.  Defendant notes that significant resources have been expended on

this litigation in federal court.  However, this is true in nearly every case in which this question

arises.  Nor does Defendant demonstrate any extraordinary inconvenience or unfairness that

would arise if this Court does not exercise supplemental jurisdiction.  Given these circumstances,

the Court will decline to exercise supplemental jurisdiction, and the case will be dismissed.

### CONCLUSION

For the foregoing reasons, the case will be dismissed without prejudice for lack of subject

matter jurisdiction.  A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Date:** May 24, 2016

5